# Ex. A

State Court Summons and Complaint

Date of Service: _7-19-2014_
Time of Service: _5:10 ᵖᵐ_
Server's Initials: _SD_
Server's Badge#: _Bu39_

STATE OF SOUTH DAKOTA ) IN CIRCUIT COURT
: SS
COUNTY OF CLAY ) FIRST JUDICIAL CIRCUIT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| NATIONAL MUSIC MUSEUM: | * | CIV. 14- |
| AMERICA'S SHRINE TO MUSIC, | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| vs. | * | **SUMMONS** |
|  | * |  |
| ROBERT JOHNSON and LARRY MOSS, | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THE STATE OF SOUTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS, GREETINGS:

You are hereby summoned and required to answer the Complaint of the Plaintiff in the above entitled action, a copy of which said Complaint is hereunto annexed and herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscribers, Davenport, Evans, Hurwitz & Smith, L.L.P., at their office at P.O. Box 1030, 206 West 14th Street, in the City of Sioux Falls, Minnehaha County, South Dakota, 57101-1030, within thirty (30) days after the service of this Summons upon you, exclusive of the day of such service; and you will hereby take notice that in case of your failure to answer said Complaint, judgment by default may be rendered against you as requested in the said Complaint.

Dated at Sioux Falls, South Dakota, this _7_ day of July, 2014.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

Mitchell Peterson
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Plaintiff*

1



| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | : SS | |
| COUNTY OF CLAY | ) | FIRST JUDICIAL CIRCUIT |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NATIONAL MUSIC MUSEUM:
AMERICA'S SHRINE TO MUSIC,

      Plaintiff,

vs.

ROBERT JOHNSON and LARRY MOSS,

      Defendants.

CIV. 14-

**COMPLAINT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    Plaintiff National Music Museum: America's Shrine to Music ("NMM") states as its Complaint against Defendants Robert Johnson ("Johnson") and Larry Moss ("Moss") (collectively "Defendants") the following:

## BACKGROUND

    1.    NMM is a South Dakota nonprofit corporation located in Vermillion, Clay County, South Dakota, which operates a museum that hosts the world's premier collection of musical instruments of historical, artistic, and cultural significance.

    2.    Johnson is a non-South Dakota resident who transferred his ownership of a 1975 Martin D-35 guitar (serial number 37778), which was previously owned and played by Elvis Pressley ("the Guitar"), to NMM pursuant to a Sales-Donation Agreement between Johnson and NMM dated February 6, 2013 ("the Agreement"), a copy of which is attached to this Complaint.

    3.    Moss is a non-South Dakota resident who purports to have an ownership interest in the Guitar.

1

4.      The Guitar is physically located at NMM's museum in Vermillion, Clay County, South Dakota.

5.      This civil action relates to a dispute as to ownership of the Guitar between NMM, Johnson, and Moss.

## JURISDICTION

6.      NMM incorporates by reference all allegations contained in this Complaint.

7.      This Court has in rem jurisdiction over the Guitar, which is physically located in Clay County, South Dakota, and the parties' competing claims of ownership of the Guitar.

8.      Johnson initiated contact with NMM for the purpose of selling, donating, or otherwise transferring his ownership in the Guitar to NMM, which Johnson knew was located in South Dakota, and negotiated the Agreement knowing that NMM was located in South Dakota.

9.      Johnson personally traveled to South Dakota to tender the Guitar to NMM.

10.     Moss has initiated contact with NMM in South Dakota asserting claims of ownership of the Guitar.

11.     This Court has personal jurisdiction over Defendants.

## DECLARATORY JUDGMENT ACTION (BOTH DEFENDANTS)

12.     NMM incorporates by reference all allegations contained in this Complaint.

13.     Under SDCL 21-24-1, "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

14.     This Court has the power to declare the rights of NMM, Johnson, and Moss relating to their claims of ownership of the Guitar.

15.     NMM is the valid, legal owner of the Guitar.

2

16.     Johnson is not the valid, legal owner of the Guitar.

17.     Moss is not the valid, legal owner of the Guitar.

18.     Johnson was a merchant with respect to the Guitar and other instruments that are the subjects of the Agreement under SDCL 57A-2-104.

19.     NMM was a purchaser in good faith with respect to the Guitar.

20.     NMM was a buyer in the ordinary course with respect to the Guitar.

21.     That the Agreement involved purchased and donated goods is of no legal consequence under SDCL 57A-1-201(29).

22.     NMM would not have consented to the Agreement if the Guitar was not part of the transaction.

23.     Under SDCL title 57A (Uniform Commercial Code), including, but not limited to, sections 57A-2-403 and 57A-1-201, as well as other sources of law, NMM acquired valid, legal title to the Guitar when NMM performed its obligations under the Agreement and Johnson tendered the Guitar to NMM.

24.     Even if Moss was the valid, legal owner of the Guitar prior to Johnson tendering the Guitar to NMM, Moss's ownership of the Guitar legally terminated no later than upon NMM's acquisition of the Guitar, and Moss's remedy is a civil action against Johnson for damages.

25.     NMM is entitled to a declaration from this Court that NMM is the valid, legal owner of the Guitar, and that Johnson and Moss have no rights to, interests in, or ownership of the Guitar.

## DAMAGES (JOHNSON)

26.     NMM incorporates by reference all allegations contained in this Complaint.

3

27.    Under the Agreement, Johnson agreed to tender the Guitar to NMM.

28.    In the event NMM is not declared the valid, legal owner of the Guitar, then Johnson has breached the Agreement and NMM is entitled to damages in an amount to be proven at trial for the breach of contract.

29.    Johnson represented to NMM that he had the legal authority to tender and to transfer ownership of the Guitar to NMM.

30.    Transfer of ownership of the Guitar to NMM was a central, critical, and material term of the Agreement, and Johnson was aware of this.

31.    But for inclusion of the Guitar as part of the Agreement, NMM would not have consented to the Agreement.

32.    Under SDCL 20-10-2, acts constituting deceit include the following: (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; and (4) a promise made without any intention of performing.

33.    If NMM is ultimately declared not to be the valid, legal owner of the Guitar, then Johnson engaged in acts constituting deceit under SDCL 20-10-2, particularly, Johnson's misrepresentations regarding his ownership of and legal right to transfer ownership of the Guitar.

34.    If NMM is ultimately declared not to be the valid, legal owner of the Guitar, then NMM reasonably and justifiably relied to its detriment on Johnson's representations that he had the legal right to transfer ownership of the Guitar to NMM.

4

35.     If NMM is ultimately declared not to be the valid, legal owner of the Guitar, then NMM was damaged by the fraud, deceit, and misrepresentations of Johnson and NMM is entitled to damages against Johnson in an amount to be proven at trial.

### ESTOPPEL, WAIVER, AND ASSUMPTION OF THE RISK (MOSS)

36.     NMM incorporates by reference all allegations contained in this Complaint.

37.     Johnson and Moss have a long history dealing with one another on various matters, allegedly including the Guitar.

38.     Johnson had possession and control of the Guitar apparently for many years during which time Moss purports to have been the owner of the Guitar, yet Moss took no action to assert his alleged rights in the Guitar.

39.     Moss is barred by the doctrines of estoppel, waiver, and assumption of the risk from claiming an ownership interest in the Guitar, when Moss failed to assert his rights prior to Johnson tendering the Guitar to NMM.

WHEREFORE, NMM prays for the following relief:

A.     For a declaration that NMM is the valid, legal owner of the Guitar, and that Johnson and Moss have no rights, interests, or ownership of the Guitar;

B.     For damages against Johnson in an amount to be proven at trial, plus prejudgment interest at the maximum rate allowed by law;

C.     For recovery of NMM's costs and expenses; and

D.     For other relief that the Court finds just, fair, lawful, equitable, or appropriate.

Dated at Sioux Falls, South Dakota, this ___7th___ day of July, 2014.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

5

Mitchell Peterson
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Plaintiff*

6