UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL MUSIC MUSEUM: AMERICA'S SHRINE TO MUSIC, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT JOHNSON and LARRY MOSS, <br><br> Defendants. | 4:14-CV-04113-KES <br><br><br> ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT, MOTION TO AMEND COURT'S FINDINGS, MOTION FOR NEW TRIAL, AND MOTION FOR FURTHER ACTION |

Defendant Larry Moss challenges the court's memorandum opinion and order holding that plaintiff, National Music Museum: America's Shrine to Music (NMM), is the legal owner of a Martin D-35 guitar once owned by Elvis Presley. Moss moves to alter or amend the judgment under Fed. R. Civ. P. 59(e), to amend the court's findings under Fed. R. Civ. P. 52(b), for a new trial under Fed. R. Civ. P. 59(a)(1)(b), and for further action after a nonjury trial under Fed. R. Civ. P. 59(a)(2). The court denies Moss's motions.

## BACKGROUND

The facts below relate to Moss's arguments on res judicata and collateral estoppel. For a further recitation of the facts, see the court's Memorandum Opinion and Order (Docket 66).

This case stems from the sale of a Martin D-35 guitar once owned by Elvis Presley. NMM and Moss both claim ownership of the Elvis guitar based on their respective agreements with defendant Robert Johnson, the guitar's previous owner. Moss entered into a contract with Johnson for the Elvis guitar on February 12, 2008, and NMM entered into its contract with Johnson on February 6, 2013.

Litigation surrounding the guitar began February 13, 2014, when Moss filed a counterclaim against Johnson in Tennessee Chancery Court for specific performance, breach of warranty, breach of contract, and fraud. NMM was not a party to the suit. About five months later, NMM began this case in South Dakota state court, naming Johnson and Moss as defendants. Moss later removed this case to federal court.

While this case was pending before this court, the Tennessee Chancery Court held a hearing on December 16, 2014, in the case between Moss and Johnson. At the conclusion of the Tennessee hearing, the court orally ordered that "Mr. Moss is -- has the right to ownership of the [Elvis guitar]." Docket 49-1 at 74-75. The court did not discuss which section of Tennessee's commercial code applied to the transaction. The court did not discuss the applicability of Tenn. Code Ann. § 47-2-401(2) or Tenn. Code Ann. § 47-2-401(3). After the court entered its oral order, Moss's attorney replied:

> If the Court, please, this is going to be a little tricky for me because this order would be submitted to the Court in South Dakota, so I want to make certain that I get the order in a fashion that I need it to be if the Court, please. But assuming that the Court agrees with me. But that Moss has the right to enforce the contract all the way back until 2008, he is therefore, the equitable owner of that guitar.

2

Docket 49-1 at 75.

The court responded, "So ordered. . . . That Mr. Moss is the rightful -- the equitable owner of the --." *Id.* Moss's attorney agreed to draft the court's order. Again, no one discussed the application of Tennessee's commercial code or the exact date title passed from Johnson to Moss.

About a month after the hearing, on January 8, 2015, the Tennessee Chancery Court issued its written order stating in part that "Mr. Moss holds legal and equitable title to the Martin D-35 guitar and the Gold Top ES-295 Gibson guitar, which were specifically identified to the contract, relating back to the date of contracting, February 12, 2008." Exhibit 54 at 2. The order provided no legal citation for this conclusion.

In the case before this court, the parties previously filed cross motions for summary judgment, and the court denied both motions. Docket 43. The court's order also held that res judicata and collateral estoppel did not apply to this case. A bench trial was held on August 2, 2016, and the parties filed post-trial briefs. The court issued its memorandum opinion and order along with a judgment on January 23, 2017. Moss now asks the court to reconsider its rulings.

## LEGAL STANDARD

The decision to grant or deny Moss's motions is at the court's discretion. *See Coterel v. Dorel Juvenile Grp., Inc.*, 827 F.3d 804, 807 (8th Cir. 2016) (stating "[w]e review the district court's evidentiary rulings and its denial of a new trial for clear and prejudicial abuse of discretion" (citation omitted));

3

*Burckhard v. BNSF Ry. Co.*, 837 F.3d 848, 857 (8th Cir. 2016) (stating "[w]e accord a district court broad discretion in determining whether to grant a motion to alter or amend judgment, and we will not reverse absent a clear abuse of discretion" (citation omitted)); *Brewer v. Jonesboro Police Dep't*, 653 F. App'x 853 (8th Cir. 2016) (indicating post-trial motions made under Fed. R. Civ. P. 59(a)(2) are reviewed for an abuse of discretion (citations omitted)). The court should grant Moss's motions only if the court's prior rulings were in error. *See Burckhard*, 837 F.3d at 857.

## DISCUSSION

This court previously ruled on Moss's arguments regarding res judicata and collateral estoppel. Docket 43 at 3-9. This court also has already ruled that NMM is the legal owner of the Elvis guitar. Docket 66. The court stands by its rulings and adds the following in response to Moss's pending motions.

Under Tennessee law, the doctrines of res judicata and collateral estoppel do not apply to dicta. *Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2009); *see Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 397 (Tenn. Ct. App. 2009) (stating "[b]ecause res judicata does not apply to dicta . . . ."). The Tennessee Supreme Court has explained collateral estoppel applies when an issue was actually litigated and necessary to the judgment. *Mullins*, 294 S.W.3d at 535. The court stated, "Determinations of an issue or issues that are not necessary to a judgment have the characteristics of dicta and will not be given preclusive effect." *Id.* (citing Restatement (Second) of Judgments § 27 cmt. h (1982)).

Moss argues the doctrines of res judicata and collateral estoppel prohibit this court from finding that Moss never acquired title to the guitar. Moss argues that because the Tennessee Chancery Court ruled that Moss held title to the guitar relating back to the date of contracting, this court is bound by the Tennessee decision. For Moss to prevail on his argument, this issue—when title passed from Johnson and Moss—must be necessary to the Tennessee judgment. The issue must be essential to the Tennessee Chancery Court's findings. Closer scrutiny of Moss's argument, however, shows that it is inaccurate.

Moss's counterclaim in the Tennessee Chancery Court consisted of four counts: (1) specific performance; (2) breach of warranty; (3) breach of contract; and (4) fraud. None of these claims required Moss to hold title to the guitar to prevail. The Tennessee Chancery Court could have ruled in Moss's favor on each claim without finding that Moss held title to the guitar. Thus, the court's statement that "Mr. Moss holds legal and equitable title to the Martin D-35 guitar and the Gold Top ES-295 Gibson guitar, which were specifically identified to the contract, relating back to the date of contracting, February 12, 2008" is dicta. Because that finding is dicta, res judicata and collateral estoppel do not apply. The record from the court's hearing provides further evidence of this fact. Docket 49-1.

In its oral ruling, the Tennessee Chancery Court simply stated, "All right. The Court is satisfied that Mr. Moss is – has the right to ownership of the guitar in question. So ordered." Docket 49-1 at 75-76. The court made no

5

statement on when title passed from Johnson to Moss. This was because the date when title passed was not relevant to the court's determination. The only issue before the court was whether Johnson was required to sell the guitar to Moss, and that question could be answered without determining when or even if title passed from Johnson to Moss.

After the Tennessee Chancery Court entered its oral ruling, Moss's attorney interjected with the following:

> If the Court, please, this is going to be a little tricky for me because this order would be submitted to the Court in South Dakota, so I want to make certain that I get the order in a fashion that I need it to be if the Court, please.
>
> But assuming that the Court agrees with me. But that Moss has the right to enforce the contract all the way back until 2008, he is therefore, the equitable owner of the guitar.

Docket 49-1 at 76. The court responded, "So ordered." *Id.*

The statements by Moss's attorney and the court's response also do not support Moss's argument that title passed from Johnson to Moss on the date of contracting. The Tennessee Chancery Court merely indicated that Moss could have enforced the contract in 2008. This ruling is consistent with this court's rulings because no one disputes that the contract was valid in 2008. The narrower issue before this court is whether Tenn. Code Ann. § 47-2-401(2) or Tenn. Code Ann. § 47-2-401(3) applies to the Johnson-Moss contract, and this narrower issue was never before the Tennessee Chancery Court. The parties never discussed the difference between Tenn. Code Ann. § 47-2-401(2) or Tenn.

6

Code Ann. § 47-2-401(3). The court's oral and written orders make no reference to Tenn. Code Ann. § 47-2-401(2) or Tenn. Code Ann. § 47-2-401(3).

The reason why the Tennessee code provisions were not referenced by the parties and the court is because neither section was relevant to the Tennessee litigation. As discussed above, Moss could prevail on his claims without holding title to the guitar. Thus, Johnson also could not have raised the argument as a defense, and Johnson would have had no interest in arguing that Tenn. Code Ann. § 47-2-401(2) applied instead of Tenn. Code Ann. § 47-2-401(3). The distinction would have had no impact on his case. Only NMM would have had an interest in making the distinction between the application of Tenn. Code Ann. § 47-2-401(2) or Tenn. Code Ann. § 47-2-401(3).[1]

The last thing to note is that a factual error in the Tennessee judgment also indicates that the disputed issue—when title passed from Johnson to Moss—was not before the Tennessee Chancery Court. In the court's order it states that title to a Gold Top ES-295 Gibson guitar also passed from Johnson to Moss on February 12, 2008. Moss does not dispute, however, that Johnson never owned the Gold Top guitar. Docket 58 at 180; Exhibit 4. Thus, title to the Gold Top guitar could not have transferred from Johnson to Moss because Johnson never had title to transfer. The Tennessee Chancery Court's order is inaccurate in this respect because the title issue for the Gold Top Guitar—like

---

[1] This further supports this court's earlier ruling that NMM did not have a full and fair opportunity to litigate their claims. Docket 43 at 7-9.

the title issue for the Elvis guitar—was never before the court. The language is dicta. Res judicata and collateral estoppel do not apply.

## CONCLUSION

The Tennessee judgment entered on January 8, 2015, is not binding on this court. The issue of whether or when title passed from Johnson to Moss was not before the Tennessee Chancery Court and was not litigated by the parties. The statement "Mr. Moss holds legal and equitable title to the [Elvis guitar] . . . relating back to the date of contracting, February 12, 2008" is dicta, and res judicata and collateral estoppel do not apply. Thus, it is

ORDERED that defendant's motions to alter or amend the judgment, to amend the court's findings, for a new trial, and for further action after a nonjury trial (Docket 68) are denied.

DATED this 2nd day of June, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE